IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| KARIOUS N. BELL, #192370, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:14-CV-238-WHA |
| | ) | |
| KIM THOMAS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

## I.  INTRODUCTION

This cause of action is pending before the court on a 42 U.S.C. § 1983 complaint

filed by Karious N. Bell ("Bell"), an indigent state inmate at the time he initiated this action.

Bell lodges the complaint against Leon Forniss, the warden of Staton Correctional Facility,

Ms. Lisa Bonner, his classification supervisor at Donaldson Correctional Facility, and

Simon McNabb, Charmelle Luckie and Hunter Futral, all correctional officers employed

at Staton in August of 2012.  In the instant complaint, as amended, Bell alleges that the

defendants violated his due process rights with respect to a disciplinary action lodged

against him at Staton in August of 2012 for failure to obey a direct order and the resulting

change in his classification level.  *Doc. No. 1* at 3-8.  The challenged disciplinary arose

from actions that occurred during a search conducted by officer McNabb on July 27, 2012

which resulted in a physical altercation with Bell, including the use of pepper spray.  In

amendments to the complaint, Bell complains that McNabb used excessive force against

him during the search.  *Doc. No. 15* and *Doc. No. 16*.  Specifically, Bell argues that he obeyed all orders given during the search and, therefore, there was no need for the use of any force by McNabb.  Bell seeks declaratory relief and monetary damages from the defendants.

The defendants filed an answer, special report and supporting evidentiary materials, including affidavits and certified prison records, addressing Bell's claims for relief.  In these documents, the defendants deny violating Bell's constitutional rights.  After receipt of the defendants' special report, the court issued an order directing Bell to file a response to the report, including affidavits or statements made under penalty of perjury and other evidentiary materials.  *Order of June 11, 2014 - Doc. 37* at 2.  The order specifically cautioned Bell that "**unless within fifteen (15) days form the date of this order a party . . . presents sufficient legal cause why such action should not be undertaken** . . . the court may at any time [after expiration of the time for the plaintiff filing a response] and without further notice to the parties (1) treat the special report and any supporting evidentiary materials as a motion for summary judgment and (2) after considering any response(s) as allowed by this order, rule on the motion for summary judgment in accordance with the law."  *Id*. at 2-3.  Pursuant to this order, the court deems it appropriate to treat the defendants' report as a motion for summary judgment.

Upon consideration of the defendants' motion for summary judgment, the evidentiary materials filed in support thereof, the sworn complaint and the plaintiff's

responses in opposition to the report, the court concludes that the defendants' motion for summary judgment is due to be granted.

## II.  SUMMARY JUDGMENT STANDARD

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute] as to any material fact and that the moving party is entitled to judgment as a matter of law.'"  *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam) (citation to former rule omitted); Fed.R.Civ.P. Rule 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").[1] The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine issue [- now dispute -] of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593 (11th Cir. 1995) (moving party has initial burden of showing there is no genuine dispute of material fact for trial).  The movant may meet this burden by presenting evidence indicating there

---

[1]Effective December 1, 2010, Rule 56 was "revised to improve the procedures for presenting and deciding summary-judgment motions."  Fed.R.Civ.P. 56 Advisory Committee Notes.  Under this revision, "[s]ubdivision (a) carries forward the summary-judgment standard expressed in former subdivision (c), changing only one word -- genuine 'issue' becomes genuine 'dispute.'  'Dispute' better reflects the focus of a summary-judgment determination."  *Id*.  "'Shall' is also restored to express the direction to grant summary judgment."  *Id*.  Despite these stylistic changes, the substance of Rule 56 remains the same and, therefore, all cases citing prior versions of the rule remain equally applicable to the current rule.

is no dispute of material fact or by showing that the nonmoving party has failed to present appropriate evidence in support of some element of its case on which it bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-324.

The defendants have met their evidentiary burden and demonstrated the absence of any genuine dispute of material fact with respect to the claims presented by the plaintiff. Based on the foregoing, the burden shifts to the plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed.R.Civ.P. 56(e)(3) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact by [citing to materials in the record including affidavits, relevant documents or other materials] the court may . . . grant summary judgment if the motion and supporting materials -- including the facts considered undisputed -- show that the movant is entitled to it."); *Jeffery*, 64 F.3d at 593-594 (internal quotation marks omitted) (Once the moving party meets its burden, "the non-moving party must then go beyond the pleadings, and by its own affidavits [or statements made under penalty of perjury], or by depositions, answers to interrogatories, and admissions on file," demonstrate that there is a genuine dispute of material fact.). This court will also consider "specific facts" pled in a plaintiff's sworn complaint when considering his opposition to summary judgment. *Caldwell v. Warden, FCI Talladega*, 748 F.3d 1090, 1098 (11th Cir. 2014). A genuine dispute of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor.

*Greenberg*, 498 F.3d at 1263; *Allen v. Bd. of Public Education for Bibb County*, 495 F.3d 1306, 1313 (11th Cir. 2007).

> In civil actions filed by inmates, federal courts
>
> must distinguish between evidence of disputed facts and disputed matters of professional judgment.  In respect to the latter, our inferences must accord deference to the views of prison authorities.  Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, 548 U.S. 521, 530, 126 S.Ct. 2572, 2578, 165 L.Ed.2d 697 (2006) (internal citation omitted).  To proceed beyond the summary judgment stage, an inmate-plaintiff is required to produce "sufficient [favorable] evidence" which would be admissible at trial supporting his claims of constitutional violations.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); Rule 56(e), *Federal Rules of Civil Procedure*.  "If the evidence [on which the nonmoving party relies] is merely colorable . . . or is not significantly probative . . . summary judgment may be granted."  *Anderson*, 477 U.S. at 249-250.  "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)."  *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990).  Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine dispute of material fact and, therefore, do not suffice to oppose a motion for summary judgment.  *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (A plaintiff's "conclusory assertions . . ., in the absence of [admissible] supporting evidence, are insufficient to withstand summary

judgment."); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (grant of summary judgment appropriate where inmate produces nothing beyond "his own conclusory allegations" challenging actions of the defendants); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("Mere verification of party's own conclusory allegations is not sufficient to oppose summary judgment."); *Evers v. General Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985) ("[C]onclusory allegations without specific supporting facts have no probative value.").  Hence, when a plaintiff fails to set forth specific facts supported by requisite evidence sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party.  *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (If on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate.); *Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000) (en banc) (summary judgment appropriate where no genuine dispute of material fact exists).  At the summary judgment stage, this court must "consider all evidence in the record . . . [including] pleadings, depositions, interrogatories, affidavits, etc. -- and can only grant summary judgment if everything in the record demonstrates that no genuine [dispute] of material fact exists."  *Strickland v. Norfolk Southern Railway Co.*, 692 F.3d 1151, 1154 (11th Cir. 2012).

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Property Located at 5800 SW 74th Avenue, Miami, Florida*, 363 F.3d 1099, 1101 (11th Cir. 2004).  What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Secretary of the Department of Children and Family Services*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment.").  "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted).  To demonstrate a genuine dispute of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts. . . .  Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita Elec. Indus. Co. v. ZenithRadio Corp*., 475 U.S. 574, 587 (1986). In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates there is no genuine dispute of material fact and the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323-324 (summary judgment appropriate where pleadings, evidentiary materials and affidavits before the court show no genuine dispute as to a requisite material fact); *Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001) (To establish a genuine dispute of material fact, the nonmoving party

must produce evidence such that a reasonable trier of fact could return a verdict in his favor.).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine dispute of material fact. *Beard*, 548 U.S. at 525, 126 S.Ct. at 2576; *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Thus, the plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case.

The court has undertaken a thorough and exhaustive review of all the evidence contained in the record. After such review, the court finds that Bell has failed to demonstrate a genuine dispute of material fact in order to preclude entry of summary judgment in favor of the defendants.

### III.  DISCUSSION

#### A.  Lack of Investigation by Classification Specialist

Bell maintains that defendant Bonner violated his constitutional rights by failing to adequately investigate the validity of the disciplinary report. This claim, however, entitles Bell to no relief.

To state a viable claim for relief in a 42 U.S.C. § 1983 action, the conduct complained of must have deprived the plaintiff of rights, privileges or immunities secured by the Constitution. *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999); *Parratt v. Taylor*, 451 U.S. 527 (1981). "It

is well-settled that § 1983 does not create a federal right or benefit; it simply provides a mechanism for enforcing a right or benefit established elsewhere." *Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985).  "The Due Process Clauses generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual." *DeShaney v. Winnebago County Dept. of Social Services*, 489 U.S. 189, 196 (1989).  "The law is clear that inmates do not enjoy a constitutional right to an investigation of any kind by government officials." *Banks v. Annucci*, 48 F.Supp.3d, 394, 414 (N.D. N.Y. 2014); *Wilkins v. Illinois Dept. of Corrections*, 2009 WL 1904414, *9 (S.D. Ill. 2009) ("Because inmates do not have a due process right to [an investigation] at all, an allegation that any investigation which is actually conducted by prison officials was 'inadequate' or 'improper' does not state a constitutional claim."); *see also Torres v. Mazzuca*, 246 F.Supp.2d 334, 342 (S.D. N.Y. 2003) (prisoners do not have a due process right to an investigation of grievances).  Based on the foregoing, the court concludes that the alleged lack of an adequate investigation does not rise to the level of a constitutional violation and, therefore, provides Bell no basis for relief.  Consequently, summary judgment is due to be granted in favor of defendant Bonner on this claim.

## B.  Classification

To the extent Bell challenges his prior custody classification, this claim provides no basis for relief.  The law is well settled that

> there are only two instances when a prisoner may be deprived of a due process liberty interest under § 1983:  The first is when a change in the

9

> prisoner's conditions of confinement is so severe that it essentially exceeds
> the sentence imposed by the court. The second situation is when the state
> has consistently bestowed a certain benefit to prisoners, usually through
> statute or administrative policy, and the deprivation of that benefit imposes
> atypical and significant hardship on the inmate in relation to the ordinary
> incidents of prison life. *Kirby v. Siegelman*, 195 F.3d 1285, 1290-91 (11th
> Cir. 1999) (quotation omitted) (citing *Sandin v. Conner*, 515 U.S. 472, 484,
> 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995)).

*Morales v. Chertoff*, 212 F. App'x 888, 890 (11th Cir. 2006). Bell's claim fails to implicate

either of these situations because an inmate's assigned custody classification is not "so

severe that it essentially exceeds the sentence imposed by the court," and the administrative

regulations governing classification "do not bestow a benefit vis-a-vis the custody

classification, the deprivation of which would result in an 'atypical and significant

hardship' on [Bell]. *See Kirby*, 195 F.3d at 1290-91; *see also Slezak v. Evatt*, 21 F.3d 590,

594 (4th Cir.1994) (in the context of a claim based on a custody classification, holding that

the U.S. Constitution affords no liberty interest in a prisoner's custody classification);

*Meachum v. Fano*, 427 U.S. 215, 224-26, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976) (holding

that a prisoner does not have a liberty interest in an assignment to any particular prison,

regardless of whether the conditions of one prison are 'much more disagreeable' than

another)." *Morales*, 212 F. App'x at 890. Thus, the defendants are entitled to summary

judgment on this claim.

### C.  Excessive Force/Forged Disciplinary

Bell complains that defendant McNabb used excessive force against him. He further

complains that defendant Luckie fabricated the disciplinary for failure to obey a direct

order in an effort to cover up the use of excessive force by McNabb. He further complains

that defendants Luckie and Futral forged his signature on the disciplinary form and conducted the disciplinary in violation of his constitutional rights.  During this disciplinary proceeding, the hearing officer, defendant Futral, found Bell guilty based on his plea of guilty, a plea now disputed by Bell.  *Defs.' Exh.  3 - Doc. No 36-3* at 34-35.  As a result of this disciplinary, Bell lost six (6) months of good time.  *Id*. at 36.  Bell seeks monetary damages for these alleged violations of his constitutional rights.

Bell's excessive force and fabricated disciplinary claims, which are based on the premise that he obeyed all orders given to him on the day of the incident and did not push McNabb in fleeing from the search, and the disciplinary action lodged against him for failure to obey a direct order, which was based on the fact that Bell refused to comply with several direct orders by McNabb to comply with the search, are contradictory. Consequently. the claims presented by Bell challenging the use of force by McNabb and the validity of the disciplinary for failure to obey a direct order are barred from review by this court because success on such claims would invalidate the disciplinary imposed upon Bell and the loss of good time associated with the disciplinary action.  *Muhammad v. Close*, 540 U.S. 749, 754-755 (2004); *Edwards v. Balisok*, 520 U.S. 641, 646 (1997); *Heck v. Humphrey*, 512 U.S. 477 (1994).

In *Heck*, the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or imprisonment is not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims

must therefore be dismissed.  512 U.S. at 483-489.  Under *Heck*, the relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or [term of confinement]."  512 U.S. at 487.  The Court emphasized that "habeas corpus is the exclusive remedy for a . . . prisoner who challenges" the validity of his incarceration "even though such a claim may come within the literal terms of § 1983" and, based on the foregoing, concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983.  512 U.S. at 481.  In so doing, the Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action.

In *Balisok*, the Court held that *Heck* bars a prisoner's complaint that "would, if established, imply the invalidity of the deprivation of his good-time credits."  520 U.S. at 64.  Specifically, the Court determined that a state prisoner's "claim for declaratory relief and money damages, . . . that necessarily imply the invalidity of the punishment imposed [in a disciplinary proceeding, including a loss of good-time credits], is not cognizable under § 1983[.]" unless the prisoner demonstrates that the challenged action has previously been invalidated.  520 U.S. at 648; *Muhmmad*, 540 U.S. at 754 (Where action taken in prison disciplinary proceedings impacted the duration of an inmate's confinement, the holding of *Heck* is applicable if the claims on which the inmate seeks relief would necessarily imply the invalidity of the disciplinary determination.); *Davis v. Hodges*, 481 F. App'x 553, 554 (11th Cir. 2012) ("*Heck* . . . applies [in cases which either directly or indirectly involve] prison disciplinary determinations if a prisoner's § 1983 claim would necessarily affect the

fact or duration of his confinement."); *Richards v. Dickens*, 411 F.App'x 276, 278-279 (11th Cir. 2011) (Where an excessive force claim and subsequent prison disciplinary action related to such force are contradictory, "[a]bsent expungement or invalidation of those disciplinary actions, [the prisoner's] claims are barred by *Heck*."  Any argument by the prisoner plaintiff "that *Heck* is inapplicable because he is not seeking to expunge his disciplinary actions misses the mark. . . . [T]he relevant inquiry is not whether a prisoner explicitly seeks to reinstate his good-time credits, but instead whether the § 1983 claims call into question the validity of the deprivation of those credits.  Because [the prisoner's] § 1983 excessive force claim[] . . . necessarily impl[ies] the invalidity of the disciplinary actions that deprived him of good-time credits, he cannot pursue [the excessive force claim] under § 1983."). *Id*. at 279; *see also Balisok*, 520 U.S. at 645 (When "the nature of the challenge . . . could be such as necessarily to imply the invalidity of [a standing disciplinary] judgment" which impacted the length of incarceration, the plaintiff may not proceed in a § 1983 action.)  The law is well settled "that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649; *Abella v. Rubino*, 63 F.3d 1063, 1066 n.4 (11th Cir. 1995) ("*Heck* clarifies that *Preiser* is a rule of cognizability, not exhaustion.").

Bell maintains that defendants Luckie and Futral committed forgery and violated his constitutional rights in the disciplinary action for failure to obey a direct order.  It is clear to this court that a judgment in favor of Bell on his excessive force claim, i.e, the force was not necessary because he obeyed all orders and submitted to the search without

any attempt to elude the search, and the related forged disciplinary claim would necessarily imply the invalidity of the disciplinary judgment entered against him which resulted in a revocation of his good time credits.  The pleadings filed by the plaintiff establish that the challenged disciplinary judgment has not been expunged or invalidated in an appropriate proceeding.  "Absent expungement or invalidation of [the] disciplinary action[], [Bell's] claims are barred by *Heck*."  *Richards*, 411 Fed.Appx. at 278.  Summary judgment is therefore due to be granted in favor of the defendants on these claims.  *Id*.

## IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The defendants' motion for summary judgment be GRANTED.

2.  The plaintiff's claims against Lisa Bonner be DISMISSED with prejudice.

3.  The plaintiff's claims against the remaining defendants be DISMISSED without prejudice as these claims are barred from review by *Heck* and its progeny.

4.  This case be DISMISSED.

5.  No costs be taxed herein.

The parties may file objections to this Recommendation on or before November 15, 2016.  Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District

Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 31st day October, 2016.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE